IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 2:19CR00013-001 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **TYLAN LUCAS,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendant. | ) | |

*S. Cagle Juhan, Assistant United States Attorney, Charlottesville, Virginia, for United States; Tylan Lucas, Defendant Pro Se.*

Tylan Lucas, proceeding pro se, has filed a motion seeking relief under 28 U.S.C. § 2255. In his motion, the defendant contends that he was deprived of effective assistance of counsel during his prosecution in this court because his attorneys failed to object to the inclusion of a prior conviction in the calculation of his criminal history score used to calculate his advisory guidelines custody range. The United States has filed a Motion to Dismiss, and the defendant has responded. For the reasons stated, I will grant the Motion to Dismiss and dismiss the § 2255 motion.

I.

The defendant was charged with the introduction of illicit drugs into a United States penitentiary which drugs he intended to further distribute in the prison. Count One of the Indictment charged the defendant with possession of prohibited objects

in a prison; Count Two charged possession with intent to distribute buprenorphine; Count Three charged possession with intent to distribute heroin; Count Eight charged a conspiracy to distribute and possess with intent to distribute buprenorphine; and Count Nine charged a conspiracy to possess with intent to distribute heroin.

The defendant pled guilty to all five counts. As required, the Probation Office prepared a Presentence Investigation Report (PSR). The PSR indicated that the defendant had a lengthy criminal history, with criminal convictions dating back to the mid-1990s. Included in this criminal history narrative was a 2000 Nebraska drug conviction that counted for three criminal history points, a 2000 Nebraska assault conviction that counted for three criminal history points, and a 2005 Nebraska escape conviction that counted for two criminal history points. With these prior convictions as well as others, the Probation Office calculated 13 total criminal history points, which equated to a criminal history category of VI.

The defendant's sentencing judgment was entered on August 25, 2020. The court determined at the sentencing hearing that the escape conviction should not count toward the defendant's criminal history calculation. Consequently, the total criminal history points attributable to the defendant was reduced from thirteen to eleven. This new calculation equated to a criminal history category of V. That

category, combined with an offense level of six, resulted in an advisory guidelines custody range of 9 to 15 months.

Prior to sentencing, the government moved for an upward variance from the advisory custody range, asking that the court sentence the defendant to a term of imprisonment of at least 210 months. The court, concerned with the defendant's lengthy criminal record encompassing behavior both in and out of prison, agreed that the 9-to-15-month guideline range did not accurately reflect the factors the court was required to consider under 18 U.S.C. § 3553(a). Accordingly, the court imposed an above-guidelines sentence of 96 months, consisting of 96 months on each count to be served concurrently.

The defendant now asks court to vacate his sentence.[1] The defendant's motion hinges on a claim of ineffective assistance of counsel — that his attorneys failed to object to the assignment of criminal history points to his 2000 Nebraska drug conviction. The defendant argues that the prior drug conviction constituted an erroneous predicate within the defendant's criminal history score. Def.'s Mot. 2, ECF No. 179. The 20-to-60-month sentence associated with the prior drug conviction, the defendant states, ran concurrently with the sentence imposed for the

---

[1] The defendant filed his motion more than a year after his judgment became final. However, the government has waived any statute of limitations defense. Suppl. Notice, ECF No. 195. Accordingly, the defendant's Motion for Equitable Tolling, ECF No. 179, is moot.

assault conviction[2] and was completed in October 2003 because Nebraska law only required him to serve 50% of the imposed sentence.[3]  In essence, the defendant contends that his 2000 drug conviction was too old to have figured into his criminal history score.  Accordingly, he argues he should have had a criminal history category of IV, which, combined with his offense level, would have resulted in an advisory guidelines custody range of 6 to 12 months.

II.

Criminal defendants have a Sixth Amendment right to effective legal assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Ineffective assistance claims, however, are not lightly granted — "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Id.* at 686.  To that end, a defendant must satisfy a two-prong analysis showing both that counsel's performance was deficient and that the defendant was prejudiced by counsel's alleged deficient performance. *Id.* at 687.  The first prong requires a defendant to show that counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688. To satisfy the prejudice

---

[2] The defendant was sentenced to a term of imprisonment of 6 to 10 years for the assault conviction.

[3] The defendant also asserts that he was given four months' credit.  Therefore, he contends he only owed 26 months for the drug conviction.

prong, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. *Id.* at 694.

I find that the defendant has not demonstrated deficient performance by counsel or any likelihood of a more favorable outcome absent such deficiencies. First, Lucas has not established a reasonable probability that he received higher sentence because of his attorneys' failure to object. *Molina-Martinez v. United States*, 578 U.S. 189, 200 (2016). The court imposed a sentence of 96 months — well above the 9-to-15-month advisory custody range — because the court determined that the range inadequately accounted for the 18 U.S.C. § 3553(a) factors it was required to consider. The court opined that the defendant's numerous violations of prison disciplinary rules and criminality over the course of his life warranted the variance. Thus, the defendant has not demonstrated that an objection and the potential for a slight reduction in the advisory custody range would have affected his sentence. *See Molina-Martinez*, 578 U.S. at 200 ("There may be instances when, despite application of an erroneous Guidelines range, a reasonable probability of prejudice does not exist. . . . The record in a case may show, for example, that the district court thought the sentence it chose was appropriate irrespective of the Guidelines range."); *United States v. Feldman*, 793 F. App'x 170, 175 (4th Cir. 2019) (unpublished) (finding the record established prejudice because

it was "not a case where the district court imposed a variant sentence upward or downward based on an explanation of why the Guidelines range did not adequately reflect the sentence needed to carry out the § 3553(a) objectives"). Thus, I find that the defendant's petition fails because he cannot demonstrate the requisite prejudice. *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992) (explaining that a reviewing court may consider the prejudice prong first and that if a defendant cannot demonstrate prejudice, the court need not consider the performance prong).

Nonetheless, even if the defendant could establish prejudice, his motion still fails because he has not established deficient performance. In relevant part, the guidelines provide that a defendant's prior sentence counts toward his criminal history if it resulted in the defendant being incarcerated within 15 years of the commencement of the offense that is the subject of the sentencing hearing. USSG § 4A1.2(e)(1) (2021). Here, both the unofficial Nebraska Department of Correctional Services information sheet filed by the defendant and the Certificate of Discharge submitted by the government show a single release date for the defendant's Nebraska drug, assault, and escape sentences, June 15, 2006, which is within 15 years of the date of defendant's conduct underlying his current sentence of March of 2019. Def.'s Mot. Ex. A, ECF No. 179-1; Mot. Dismiss Ex. 2, ECF No. 191-2.[4]

---

[4] The government notes that a Nebraska official estimated that the defendant's release date for the drug conviction at issue would have been in September 2002 had that been the defendant's only conviction. However, the assault and escape convictions

- 6 -

Consequently, I do not find that the defendant's attorneys' failure to object to the inclusion of the Nebraska drug charge to constitute conduct that fell below an "objective standard of reasonableness," *Strickland*, 466 U.S. at 688.

### III.

For these reasons, I will grant the government's Motion to Dismiss. A separate final order will be entered herewith.

DATED: August 1, 2022

/s/  JAMES P. JONES
Senior United States District Judge

---

resulted in a bundled release date of June 15, 2006. Although the defendant argues that the September 2002 estimate indicates deficient performance, the multiple convictions and single reported release date undercuts the defendant's argument.